USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/04/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

- v. -

JUAN RIVAS-MARICHAL,

        Defendant.

------------------------------------- x

CONSENT PRELIMINARY
ORDER OF FORFEITURE
AS TO SPECIFIC PROPERTY/
MONEY JUDGMENT

19 Cr. 569 (AKH)

WHEREAS, on or about August 8, 2019, JUAN RIVAS-MARICHAL (the "Defendant"), was charged in a one-count Information, 19 Cr. 569 (AKH) (the "Information"), with conspiracy to distribute and possess with the intent to distribute mixtures and substances containing a detectable amount of heroin and fentanyl, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about September 4, 2019, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit

to the United States, pursuant to Title 21, United States Code, Section 853, all property real or personal, constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Information, and any and all property used and intended to be used in any manner and part to commit and facilitate the commission of the offense charged in Count One of the Information;

WHEREAS, on or about May 22, 2019, the Government seized the following items from the Defendant at the time of arrest: a) assorted jewelry (the "Assorted Jewelry") and b) $6,382.00 in United States currency (the "Subject Currency");

WHEREAS, the Government has determined that $5,750.00 of the Subject Currency constitutes property traceable to the offense charged in Count One of the Information (the "Specific Property");

WHEREAS, the Government has determined that it will return the Assorted Jewelry and any amount exceeding the value of the Specific Property;

WHEREAS, on or about August 19, 2019, Miguelina Marichal Veras, mother of the Defendant, submitted a claim to the Drug Enforcement Administration asserting an interest in the Assorted Jewelry and $4,000.00 of the Subject Currency;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,750.00 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, as property used to commit or to facilitate the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney Aline Flodr, of counsel, and the Defendant, and his counsel, Telesforo Del Valle, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $5,750.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Miguelina Marichal Veras shall withdraw any and all claims as to the Specific Property and agrees not to file, or assist anyone else in filing, any petitions or claims as to the Specific Property.

4. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the Government shall not seek the forfeiture of the Assorted Jewelry and the remaining $632.00 in United States currency of the Subject Currency (the "Remainder Currency").

5. The United States Marshals Service shall return the Assorted Jewelry and Remainder Currency to the Defendant, in a manner consistent with the UFMS Vendor Request Form to be completed by the Defendant's counsel.

6. Miguelina Marichal Veras is hereby barred from asserting any claim against the United States or any of its agents and employees, including the USMS, the DOJ, the DEA, and the SDNY, or any agents and employees of the DOJ, the SDNY, the USMS, the DEA, and is further barred from assisting others in asserting any such claim, in connection with the seizure and/or possession of the in connection with, or arising out of, the United States' forfeiture of the Subject Currency and Assorted Jewelry, its agents or designees.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, JUAN RIVAS-MARICHAL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

8. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

9. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

10. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

11. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

12. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's charged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

13. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

14. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

15. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

17. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering & Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, NY 10007.

18. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: __-S-_____  11.14.19
    Aline Flodr                                     DATE
    Assistant United States Attorney
    One Saint Andrews Plaza
    New York, NY 10007
    (212) 637-1110

JUAN RIVAS-MARICHAL

By: _[signature]_____  11-13-19
    JUAN RIVAS-MARICHAL               DATE

By: _[signature]_____  11-13-2019
    MIGUELINA MARICHAL VERAS     DATE
    Mother of Defendant

By: _[signature]_____  11-13-19
    Telesforo Del Valle, Esq.             DATE
    Attorney for Defendant

SO ORDERED:

_[signature]_____  11/14/19
HONORABLE ALVIN K. HELLERSTEIN   DATE
UNITED STATES DISTRICT JUDGE